UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

STEPHEN S. EDWARDS,

     Plaintiff,

v.

FINANCIAL RECOVERY SERVICES
(FRS) INC.; BARCLAYS BANK INC.,
*et al.*; JOHN DOE'S *x 10;* and JANE
DOE'S *x 10,*

     Defendants.

Case No. 18-cv-1066 (NEB/DTS)

<u>REPORT AND RECOMMENDATION</u>

---

Stephen S. Edwards, 16030 South 36th Street, Phoenix, AZ 85048, *Pro Se* Plaintiff

Brandt Erwin, Esq., Madigan, Dahl & Harlan, P.A., 222 South Ninth Street, Suite 3150, Minneapolis, MN 55402, for Defendant Barclays; Michael Poncin, Esq., Moss & Barnett, PA, 150 South Fifth Street, Suite 1200, Minneapolis, MN 55402, for Defendant Financial Recovery Services, Inc.

---

Stephen S. Edwards brought a lawsuit against Barclays Bank Delaware[1] and Financial Recovery Services, Inc. (FRS) asserting three causes of action under federal and state consumer protection statutes. He contends that Barclays and FRS violated the statutes in the course of their efforts to collect a disputed credit card debt owed to Barclays. Barclays brought a motion to dismiss Edwards' claims against it for failure to state a claim. Edwards then brought a motion for judgment on the pleadings against Barclays. For the reasons stated below, the Court recommends that Barclays' motion to dismiss be granted and Edwards' motion for judgment on the pleadings be denied.

---

[1] Edwards wrote "Barclays Bank Inc. et al." in the caption but identified "Barclays Bank Delaware" in multiple places throughout his complaint. Barclays states that the correct entity is Barclays Bank Delaware. Barclays Br. 1, Docket No. 29.

**FINDINGS OF FACT**

Edwards had an American Airlines credit card issued by Barclays. Complaint ¶ 14, Docket No. 1. On some unspecified date Edwards reported to Barclays that unauthorized or fraudulent charges had been made on his credit card account. *Id.* ¶¶ 15-16. He alleges that Barclays either failed to investigate or did an inadequate investigation, wrongly concluded the charges were authorized, and continued to send him statements for payment of the disputed principal amount plus interest. *Id.* ¶¶ 17-20. Barclays then hired FRS, a debt collection agency, to collect the unpaid amount from Edwards. *Id.* ¶¶ 4, 21.

Edwards brought this lawsuit against Barclays and FRS, as well as various John and Jane Does, alleging that their actions to collect the disputed amount violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. (Count One); the Minnesota Fair Debt Collection Practices Act (known as the Minnesota Collection Agencies Act (MCAA)), Minn. Stat. §§ 332.31-.44 (Count Two); and the Minnesota Consumer Fraud Act (MCFA), Minn. Stat. § 325.69 (Count Three). *Id.* ¶¶ 6, 10, 14 and Counts One, Two and Three at ¶¶ 28-34. He alleges that FRS is a debt collection agency and Barclays is the financial institution that issued the credit card and sought to collect the unpaid amount charged to that card. *Id.* ¶¶ 3-4, 8-9. Edwards' complaint also mentions the Fair Credit Reporting Act (FCRA), the Arizona Deceptive and Unfair Trade Practices Act, the Arizona Consumer Collection Practices Act, theft, and fraud, but does not include any counts or causes of action under those statutes or theories. *Id.*

FRS answered Edwards' complaint [Docket No. 5], and Barclays brought a motion to dismiss the claims against it under Rule 12(b)(6) of the Federal Rules of Civil

Procedure [Docket No. 27]. Edwards then brought a Rule 12(c) motion for judgment on the pleadings against Barclays. Docket No. 36.

## CONCLUSIONS OF LAW

### I.    Barclays' Rule 12(b)(6) Motion to Dismiss

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead sufficient facts, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007). To determine whether a plaintiff has stated a plausible claim, the Court considers only the materials that are "necessarily embraced by the pleadings and exhibits attached to the complaint." *Cox v. Mortgage Elect. Registration Sys., Inc.*, 685 F.3d 663, 668 (8th Cir. 2012); *see also Kushner v. Beverly Enterprises, Inc.*, 317 F.3d 820, 831 (8th Cir. 2003) ("When deciding a motion to dismiss, a court may consider the complaint and documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading."). Here, the undisputed facts establish that Edwards cannot state a claim against Barclays under the FDCPA, MFDCPA/MCAA, or MCFA. Therefore, Barclays' motion to dismiss should be granted.

Count One of Edwards' complaint alleges a violation of the FDCPA. This consumer protection statute was created in response to abusive, deceptive, and unfair debt collection practices. *See Schmitt v. FMA Alliance*, 398 F.3d 995, 997 (8th Cir. 2005) (per curiam). The FDCPA makes a fundamental distinction between "creditors" and "debt collectors" and does not regulate the activities of creditors "at all." *Id.* at 998.

The FDCPA defines a "debt collector" as

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S. C. § 1692a(6). A "creditor" is

> any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

*Id.* § 1692a(4).

Edwards' complaint alleges, and Barclays agrees, that Barclays is a financial institution that issued the credit card to Edwards, later tried to collect the amount owed on the account, and ultimately hired FRS, a debt collection agency, to collect the unpaid amount from Edwards. The complaint is clear that the debt originated with Barclays; nowhere does it allege that Barclays acted to collect debt owed to another party rather than debt owed to Barclays itself. Edwards' opposition brief[2] does not address Barclays' status as a "creditor" as defined by the FDCPA. Because Barclays is a creditor, the FDCPA does not apply. *See Schmitt*, 398 F.3d at 998; *Duhart v. LRAA Collections*, 652 Fed. App'x 483, 483 (8th Cir. 2016) (per curiam) (unpublished) ("[defendant] is a creditor and the FDCPA does not apply").

Count Two of Edwards' complaint alleges a violation of the MCAA. This claim fails because there is no private right of action under this statute. *See Edeh v. Midland Credit Mgmt, Inc.*, 748 F.Supp.2d 1030, 1037 (D. Minn. 2010). Moreover, as with the

---

[2] Edwards filed a single brief to oppose Barclays' motion to dismiss and to support his own motion for judgment on the pleadings against Barclays. Docket No. 47.

FDCPA, Edwards' claim under the MCAA also fails because Barclays is not a debt collector or collection agency. The MCAA defines "collection agency" as "any person engaged in the business of collection for others any account, bill or other indebtedness except as hereinafter provided." Minn. Stat. § 332.31, Subd. 3. A "collector" is any person "acting under the authority of a collection agency." *Id.*, Subd. 6. The definition does not include a person or business collecting debt owed to itself:

> The term "collection agency" shall not include persons whose collection activities are confined to and are directly related to the operation of a business other than that of a collection agency such as, but not limited to banks when collecting accounts owed to the banks and when the bank will sustain any loss arising from uncollectible accounts . . . .

Minn. Stat. § 332.32(a). Barclays is not a collection agency, and the MCAA does not apply.

Count Three of Edwards' complaint alleges a violation of the MCFA, which prohibits fraud, misrepresentation, and deceptive practices as defined by the statute. *See* Minn. Stat. § 325F.69. A person bringing a claim under the CFA must do so through the Private Attorney General Statute, *see* Minn. Stat. § 8.31, Subd. 3a, and must demonstrate that the cause of action benefits the public. *See Behrens v. United Vaccines, Inc.*, 228 F.Supp.2d 965, 968-69 (D. Minn. 2002); *Ly v. Nystrom*, 615 N.W.2d 302, 314 (Minn. 2000) ("public interest must be demonstrated to state a claim under the Private AG Statute"). To determine whether an action benefits the public, courts consider the form of the alleged misrepresentations, the degree to which they affected the public, whether they are ongoing, and the kind of relief sought. *Johnson v. Bobcat Co.*, 175 F.Supp.3d 1130, 1142 (D. Minn. 2016).

The allegations in the complaint pertain to Barclays' past statements and actions regarding allegedly unauthorized charges on Edwards' credit card account and its efforts to collect payment from Edwards for the amount he allegedly owes to Barclays. The representations were made only to him, not disseminated to the public at large, and they are not ongoing. Edwards seeks private relief for his own financial and emotional harm and for harm to his credit rating and business reputation. The Court finds that his allegations do not satisfy the public benefit requirement, and therefore he fails to state a claim under the MCFA.

## II.   Edwards' Rule 12(c) Motion for Judgment on the Pleadings

Edwards brought a motion under Federal Rule of Civil Procedure 12(c) for judgment on the pleadings against Barclays. Docket No. 36. Rule 12(c) allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed" but "early enough not to delay trial." Here, the pleadings are not closed because Barclays has not filed an answer to Edwards' complaint. Rather, Barclays filed a motion to dismiss. Therefore, Edwards' motion is premature and should be denied on that basis. *See Moubry v. ISD No. 696*, 951 F.Supp. 867, 894 n.23 (D. Minn. May 13, 1996). In addition, by granting Barclays' motion to dismiss, the Court has disposed of Edwards' three causes of action against Barclays as set forth in his complaint, which is also a basis for denying his Rule 12(c) motion.

**RECOMMENDATION**

IT IS HEREBY RECOMMENDED that:

1.     Plaintiff Stephen S. Edwards' Rule 12(c) Motion for Judgment on the Pleadings Against Barclays [Docket No. 36] be DENIED.

6

2.    Defendant Barclays Bank Delaware's Motion to Dismiss [Docket No. 27]

be GRANTED.

Dated: January 31, 2019                    s/David T. Schultz
                                           DAVID T. SCHULTZ
                                           United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).