UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| STEPHEN S. EDWARDS, | Case No. 18-CV-1066 (NEB/DTS) |
| Plaintiff, | |
| v. | ORDER ON REPORT AND RECOMMENDATION |
| FINANCIAL RECOVERY SERVICES (FRS) INC.; BARCLAYS BANK INC., ET AL.; JOHN DOES x 10; and JANE DOES x 10, | |
| Defendants. | |

This matter comes before the Court on a Motion to Dismiss [ECF No. 27] filed by Defendant Barclays Bank Delaware[1] ("Barclays") on August 17, 2018 and on a Motion for Judgment on the Pleadings [ECF No. 36] filed by Plaintiff Stephen Edwards ("Edwards") on August 20, 2018. In a Report and Recommendation dated January 31, 2019 [ECF No. 64 ("R&R")], United States Magistrate Judge David T. Schultz recommended that Barclays' motion be granted in its entirety and that Edwards's motion be denied. Edwards filed an objection to the R&R. [ECF No. 66 ("Pl.'s Obj.").] Barclays filed a

---

[1] The Complaint caption incorrectly identifies Barclays as "Barclays Bank Inc. et al."; however, Edwards identifies "Barclays Bank Delaware" in multiple places throughout the Complaint. [*See* ECF No. 1 ("Compl.").] Barclays states that the correct corporate name is "Barclays Bank Delaware" [ECF No. 29 ("Def. Mem. in Support of Mot. to Dismiss"; *see also* ECF No. 69 ("Def. Resp.") at 2 n. 3.]

1

response to Edwards's objection. [ECF No. 69 ("Def. Reply".] For the reasons set forth below, the Court overrules the Plaintiff's objections and accepts the R&R.

## BACKGROUND

Edwards, a *pro se* plaintiff, has filed this action against Defendants alleging violations of the Fair Debt Collection Practices Act ("FDCPA") (Count I); Minnesota's Fair Debt Collection Practices Act (known as the Minnesota Collection Agencies Act ("MCAA")) (Count II); and Minnesota Consumer Fraud Act ("MCFA"). [*See gen.* Compl.] The factual background for the above-entitled matter is clearly set forth in the R&R and is incorporated by reference for purposes of Edward's objections.

## ANALYSIS

Once a magistrate judge's report and recommendation is filed, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); D. Minn. LR 72.2(b). If a party objects to a magistrate judge's report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and Local Rule 72.2(b).

Magistrate Judge Schultz recommends that the Court grant Barclay's motion to dismiss with respect to Edwards's claims under the FDCPA, the MCAA and the MCFA

2

because (1) Barclays is a "creditor" not a "debt collector" as defined by the FDCPA and, thus, the FDCPA does not regulate Barclays' activities as a "creditor"[2]; (2) there is no private right of action under the MCAA[3]; and (3) Edwards failed to demonstrate that his claim under the MCFA has a public benefit as required when an individual brings a claim through the Private Attorney General Statute.[4]

Edwards objects to the R&R on several grounds.[5] Much of Plaintiff's objection, however, does not directly implicate any findings or conclusions in the R&R. In addition, several objections relate to factual matters that were not relied upon by the Magistrate Judge or were not material to the conclusions in the R&R. Edwards asserts that his MCFA

---

[2] *See* 15 U.S.C. §§ 1692a(4), (6); *Schmitt v. FMA Alliance*, 398 F.3d 995, 997 (8th Cir. 2005) (per curiam); *Duhart v. LRAA Collections*, 652 Fed. App'x 483, 483 (8th Cir. 2016) (per curiam) (unpublished) ("[defendant] is a creditor and the FDCPA does not apply").

[3] *See Edeh v. Midland Credit Mgmt, Inc.*, 748 F.Supp.2d 1030, 1037 (D. Minn. 2010). Alternatively, Magistrate Judge Schultz also finds that the MCAA does not apply to Barclays because Barclays is neither a "debt collector" or a "collection agency" as defined by the act.

[4] *See* Minn. Stat. § 325F.69; Minn. Stat. § 8.31, subd. 3a; *Behrens v. United Vaccines, Inc.*, 228 F.Supp.2d 965, 968-69 (D. Minn. 2002); *Ly v. Nystrom*, 615 N.W.2d 302, 314 (Minn. 2000) ("public interest must be demonstrated to state a claim under the Private AG Statute").

[5] The Court notes that much of Edwards' brief in opposition to the R&R contains inappropriate language and accusations such as referring to opposing counsel as "The 3 Stooges." (Pl. Obj. at 3.) The Court will not countenance such improper conduct and admonishes Edwards to use proper decorum before this Court. After Barclays filed its response to Edwards' objection [ECF No. 69], Edwards filed a motion to strike Barclays response and to strike ECF No. 65 which is a letter from Financial Recovery Services seeking permission to file a motion for summary judgment. [*See* ECF No. 72.] Edwards also appears to renew his motion for judgment pursuant to F.R.C.P. Rule 12(c). As it requests the same relief as previously requested, the Court treats Edwards' Motion to Strike and for Rule 12(c) Judgment [ECF No. 72] as a surreply to Barclays' response.

claim demonstrates a public benefit, but fails to cite to any authority to support his position. Further, to the extent that Edwards argues that the Barclays attorneys acted in bad faith by allegedly reneging on a settlement deal, the Court finds no support for this assertion in the record. The record reflects that Edwards was ordered to serve a copy of the Motion for Default Judgment on Barclays Bank Inc., an entity that does not exist within the Barclays Bank corporate structure [*See* ECF No. 17; Def. Reply at 2 n. 3.] Subsequently, Barclays and Edwards entered into a stipulation, pursuant to which Barclays voluntarily agreed to waive service of the Complaint upon it and Edwards agreed to withdraw his motion for default judgment and provide Barclays with 30 days to respond to the Complaint. [ECF No. 21.] There is no settlement agreement in the record between Edwards and Barclays. Thus, Edwards assertion of bad faith and his request for an Order to Show Cause hearing pursuant to Fed. R. Civ. P. 11 both fail.

The Court has carefully reviewed the record and concludes that Plaintiff's objections offer no basis for departure from the R&R. Edwards' objections do little to challenge the sound legal reasoning of the Magistrate Judge and offer no legal basis for not adopting his recommendations.

## CONCLUSION

Based on the foregoing, and on all the files, records and proceedings herein, the Court OVERRULES Edwards's objections [ECF No. 66], and ACCEPTS the R&R [ECF No. 64]. IT IS HEREBY ORDERED THAT:

1. Plaintiff Stephen S. Edwards' Rule 12(c) Motion for Judgment on the Pleadings against Defendant Barclays Bank Delaware [ECF No. 36] is DENIED.

2. Defendant Barclays Bank Delaware's Motion to Dismiss [ECF No. 27] is GRANTED.

3. Plaintiff Stephen S. Edwards' Motion to Strike (Doc. 65 & 69) and for Rule 12(c) Judgment against Barclays Bank [ECF No. 72] is DENIED.

Dated: March 11, 2019

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge