UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Stephen S. Edwards, | Case No. 18-cv-1066 (NEB/DTS) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Financial Recovery Services (FRS) Inc.; Barclays Bank Inc., *et al.*; John Doe's *x 10;* and Jane Doe's *x 10*, | |
| Defendants. | |

Stephen S. Edwards, 16030 South 36th Street, Phoenix, AZ 85048, *Pro Se* Plaintiff

Michael Poncin, Moss & Barnett, PA, 150 South Fifth Street, Suite 1200, Minneapolis, MN 55402, for Defendant Financial Recovery Services, Inc.

Stephen S. Edwards filed this action against Barclays Bank Delaware and Financial Recovery Services, Inc. (FRS) alleging they violated federal and state consumer protection laws in connection with their efforts to collect a disputed credit card debt owed to Barclays. The Court previously granted Barclays' motion to dismiss Edwards' claims against it, and denied Edwards' motion for judgment on the pleadings against Barclays. Docket No. 90. FRS then brought this motion for summary judgment. For the reasons set forth below, the Court recommends that FRS's motion be granted on the merits and, alternatively, that the case be dismissed with prejudice under Rule 41(b) for Edwards' failure to prosecute the case.

**FINDINGS OF FACT**

Edwards had an American Airlines credit card issued by Barclays. Compl. ¶ 14, Docket No. 1. Edwards reported to Barclays that unauthorized or fraudulent charges

had been made on his credit card account. *Id.* ¶¶ 15-16. On June 2, 2017 Barclays placed Edwards' unpaid account with FRS, a debt collection agency, for collection *Id.* ¶¶ 4, 21; Bowers Decl. ¶ 3, Docket No. 76. Barclays represented that the amount owed by Edwards was $27,137.61. Bowers Decl. ¶ 3, Ex. A (FRS Fact Sheet), Docket Nos. 76, 78.

On June 5, 2017 FRS sent an Initial Notification letter to Edwards at his Phoenix, Arizona address advising him of the $27,137.61 balance and giving him notice of his right to dispute the debt. *Id.* ¶ 4, Ex. B, Docket Nos. 76, 79. The letter states that if he notifies FRS in writing within 30 days that he disputes the validity of all or part of the debt, FRS will obtain verification and send it to him. *Id.* Ex. B. FRS sent three more letters on July 10,[1] August 8, and October 6, 2017. *Id.* ¶ 5, Exs. C, D, E, Docket Nos. 76, 80-82. FRS telephoned Edwards on July 31, September 7, and September 20, 2017, and each time he either hung up or would not engage in conversation and the call ended before there was any discussion of the debt. *Id.* ¶¶ 6-8, Ex. A, Docket Nos. 76, 78.

FRS spoke with Edwards by telephone on January 16, 2018, and he said he believed the claimed balance seemed high and his February 2016 statement indicated a balance of $14,000. *Id.* ¶ 9, Ex. F, Docket Nos. 76, 83.[2] FRS flagged the account as disputed and directed that verification of the debt be sent to Edwards. *Id.* ¶ 10, Ex. A,

---

[1] The Declaration says July 20, but the letter shows it is July 10, 2017.
[2] Exhibit F [Docket No. 83] to the Bowers Declaration contains FRS's records of statements made during the January 16 and January 17, 2018 telephone calls. Exhibit A [Docket No. 85] to the Poncin Declaration [Docket No. 77] contains certified transcriptions of the audio recordings of those calls.

2

Docket Nos. 76, 78. The following day, January 17, Edwards called FRS stating that he had a February 2, 2016 statement showing a balance of $14,444.14. *Id.* ¶ 12, Ex. F, Docket Nos. 76, 83. On January 19 FRS notified Barclays that Edwards disputed the debt. *Id.* ¶ 13, Ex. A, Docket Nos. 76, 78. On February 20 Barclays provided FRS with documents verifying the debt and on February 21 FRS sent the verification documents, over 230 pages, to Edwards. *Id.* ¶¶ 14, 16, Ex. A. This documentation included the February 2, 2016 statement showing the amount due as $14,444.14 and the June 2, 2016 statement showing a balance of $27,137.61. *Id.* ¶ 16, Exs. A, H (Feb. 21, 2018 letter and enclosed documents), Docket Nos. 76, 78, 84. Edwards continued to use the account, which is reflected in the statements after the February 2, 2016 statement. *Id.* ¶ 16. FRS did not receive any written correspondence from Edwards before this lawsuit. *Id.* ¶ 17. FRS did not furnish any information related to Edwards' account to any credit reporting agency. *Id.* ¶ 18.

  Edwards filed the lawsuit against Barclays and FRS, as well as various John and Jane Does, alleging that their actions to collect the disputed amount violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. (Count One); the Minnesota Collection Agencies Act (MCAA), which Edwards refers to as the Minnesota Fair Debt Collection Practices Act [Compl. ¶¶ 31-32] as well as the Minnesota Consumer Collection Act [*id.* at 1 (introductory paragraph)], Minn. Stat. §§ 332.31-.44 (Count Two); and the Minnesota Consumer Fraud Act (MCFA), Minn. Stat. § 325.69 (Count Three). *Id.* ¶¶ 6, 10, 14 and Counts One, Two and Three at ¶¶ 28-34. Edwards' complaint also mentions the Fair Credit Reporting Act (FCRA), the Arizona Deceptive and Unfair Trade Practices Act, the Arizona Consumer Collection Practices Act, theft,

3

and fraud, but does not include any counts or causes of action under those statutes or theories. *See id.* at 1-2, 9-10.

Barclays brought a motion to dismiss the claims against it, which the Court granted on March 11, 2019. Docket No. 90. The Court denied Edwards' motion for judgment on the pleadings against Barclays. *Id.*

On March 6, 2019 FRS filed a motion for summary judgment. Docket No. 73. On April 8, 2019 Edwards re-submitted his Motion to Strike Defendant's Motion to Dismiss and for this Court to issue Order for Rule 12(c) Judgment Against Both Defendants for Lying to this Court. Docket No. 92. A hearing was held on the summary judgment motion on May 2, 2019 but Edwards failed to appear. Docket No. 95. Edwards did not file a response to FRS's summary judgment motion, did not request a continuance of the hearing, and did not ask to appear by telephone at the hearing.

## CONCLUSIONS OF LAW

### I.     FRS's Motion for Summary Judgment

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)*.* In assessing whether such a dispute exists, we view the evidence in the light most favorable to the plaintiff and afford him all reasonable inferences. *Rooney v. Rock-Tenn Converting Co.*, 878 F.3d 1111, 1115 (8th Cir. 2018). There must be "enough evidence to allow a rational trier of fact to find for [the non-moving party] on the required elements of [the] claims." *Id.* Edwards has not provided evidence from which a reasonable jury could conclude that FRS has violated the

4

FDCPA, MCAA, or MCFA. Therefore, FRS's motion for summary judgment should be granted.

Count One of Edwards' complaint alleges a violation of the FDCPA. This consumer protection statute was created in response to abusive, deceptive, and unfair debt collection practices. *See Schmitt v. FMA Alliance*, 398 F.3d 995, 997 (8th Cir. 2005) (per curiam). The FDCPA requires debt collectors to provide consumers notice of their right to dispute the debt within 30 days of the consumer's receipt of the notice. 15 U.S.C. § 1692g(a)(3)-(4). It also states that:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

*Id.* § 1692g(b).

FRS sent Edwards a letter on June 5, 2017 giving notice of the debt and of his right to dispute the validity of the debt. Edwards did not dispute the debt with FRS until January 16, 2018, far beyond the 30 days provided by statute, and did so verbally, not in writing. Once Edwards disputed the debt by telephone, however, FRS flagged the account as disputed, requested and received verification of the debt from Barclays, and sent 230 pages of verification documentation to Edwards on February 21, 2018. Edwards has not submitted any evidence to create a fact issue that FRS violated the FDCPA. Accordingly, the Court recommends that this claim be dismissed.

5

Count Two of Edwards' complaint alleges a violation of the MCAA. This claim fails because there is no private right of action under this statute. *See Edeh v. Midland Credit Mgmt, Inc.*, 748 F.Supp.2d 1030, 1037 (D. Minn. 2010).

Count Three alleges a violation of the MCFA, which prohibits fraud, misrepresentation, and deceptive practices as defined by the statute. *See* Minn. Stat. § 325F.69. A person bringing a claim under the MCFA must do so through the Private Attorney General Statute, *see* Minn. Stat. § 8.31, subd. 3a, and must demonstrate that the cause of action benefits the public. *See Behrens v. United Vaccines, Inc.*, 228 F.Supp.2d 965, 968-69 (D. Minn. 2002); *Ly v. Nystrom*, 615 N.W.2d 302, 314 (Minn. 2000) ("public interest must be demonstrated to state a claim under the Private AG Statute"). To determine whether an action benefits the public, courts consider the form of the alleged misrepresentations, the degree to which they affected the public, whether they are ongoing, and the kind of relief sought. *Johnson v. Bobcat Co.*, 175 F.Supp.3d 1130, 1142 (D. Minn. 2016).

Edwards' allegations against FRS pertain to its efforts to verify and collect payment for the amount he allegedly owes on his Barclays credit card account. *See* Compl. ¶¶ 21-27, Docket No. 1. There is no evidence that FRS disseminated any information to the public at large. Edwards has also failed to identify any deceptive practice by FRS, much less one that would affect the public. Edwards seeks private relief for his own financial and emotional harm and for harm to his credit rating and business reputation. The Court finds that Edwards has failed to offer evidence that

would satisfy the public benefit requirement, and therefore his claim under the MCFA fails.[3]

## II. Edwards' Re-Submitted Motion to Strike Defendant's Motion to Dismiss and for this Court to issue Order for Rule 12(c) Judgment Against Both Defendants for Lying to this Court

Edwards did not file any memorandum opposing FRS's March 6, 2019 motion for summary judgment. Instead, on April 8, 2019 he re-submitted his "Motion to Strike Defendant's Motion to Dismiss and for this Court to issue Order for Rule 12(c) Judgment Against Both Defendants for Lying to this Court." Docket No. 92. This motion is not properly brought, as Edwards failed to comply with Local Rule 7.1, did not meet and confer with FRS, and did not obtain a hearing date.

The motion is also nearly identical to his previous Motion to Strike and for Rule 12(c) Judgment [Docket No. 72], which the Court denied on March 11, 2019. Docket No. 90. Moreover, almost all of the motion is directed to Barclays, not FRS, even though the Court had dismissed Barclays from the case a month earlier.

The only parts of this motion that pertain to FRS are an assertion in the title of the motion that both defendants lied to the Court, and an allegation that FRS "is admitting they violated the (FDCPA) and now they are trying to abide by our laws. The problem is they only have 30 days to comply. As of this writing it's 380 Days Late. (DOC 65)." Motion at 2, Docket No. 92. Edwards' assertion is wrong. FRS has not admitted

---

[3] In addition, it is questionable whether debt collection efforts fall within the ambit of the MCFA due to the statute's reliance requirement. *See Thinesen v. JBC Legal Group, P.C.*, Case No. 05-518, 2015 WL 2346991, at *5 (D. Minn. Sept. 26, 2005) (dismissing MCFA claim against debt collector because there was no nexus between the initial sale of goods and later efforts to collect the debt).

7

that it violated the FDCPA. The document in Docket No. 65, which Edwards cites, is FRS's letter to the Court asking permission to file an early summary judgment motion, and it includes a summary of FRS's legal and factual arguments. There is no merit to Edwards' motion, and the Court recommends it be denied.

## III.     Failure to Prosecute

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power.'" *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962). Unless stated in the order, dismissal under 41(b) is considered to be with prejudice. Fed. R. Civ. P. 41(b). Edwards did not file a response to FRS's summary judgment motion. He did not appear at the hearing. He did not request a continuance of the hearing, ask to appear by telephone, or otherwise communicate with the Court or the opposing party. He filed a motion to strike that was almost entirely directed to Barclays, a party that had been dismissed from the lawsuit a month earlier. In addition to the Court's recommendation that Edwards' claims be dismissed on the merits, the Court also recommends that dismissal under Rule 41(b) for failure to prosecute is appropriate.

## RECOMMENDATION

IT IS HEREBY RECOMMENDED that:

1.     FRS's Motion for Summary Judgment [Docket No. 73] be GRANTED and all claims against it be dismissed with prejudice;

2. In the alternative, that this case be dismissed with prejudice under Fed. R. Civ. P. 41(b) for Stephen S. Edwards' failure to prosecute;

3. Edwards' re-submitted Motion to Strike Defendant's Motion to Dismiss and for this Court to issue Order for Rule 12(c) Judgment Against Both Defendants for Lying to this Court [Docket No. 92] be DENIED.

Dated: August 7, 2019

                                           s/David T. Schultz
                                           DAVID T. SCHULTZ
                                           United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).